IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SHOCK,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CDI AFFILIATED SERVICES, INC.,<br>LINDSEY DOE,<br><br>　　　　　Defendants. | Case No. CV-09-635-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Before the court are Plaintiff Lacey Shock's ("Plaintiff") Motion for an Extension of Time to File Motion to Remand (Docket No. 11) and Motion to Remand (Docket No. 12), and Defendants CDI Affiliated Services, Inc. and Lindsey Doe's (collectively, "Defendants") Motion to Compel (Docket No. 15). This court denies Plaintiff's Motion for an Extension of Time and Motion to Remand and grants Defendants' Motion to Compel.

## BACKGROUND

On November 25, 2009, Plaintiff filed a claim against Defendants in the Fifth Judicial District of the State of Idaho, Blaine County. *See Notice of Removal* (Docket Nos. 1-1, 1-2). Defendants removed to the U.S. District Court of Idaho in

Boise on December 8, 2009.  *See id.* (Docket No. 1).

Plaintiff's state-court claim alleges that Defendants violated 15 U.S.C. § 1692e(2)(A), a provision of the Fair Debt Collection Practices Act ("FDCPA"), and Idaho Code section 26-2229A(7).  *See Notice of Removal*, at 1 (Docket No. 1-2).  Plaintiff's claim arises from Defendants' alleged failure to "account for a $100.00 and $125.00 payment[s] made in June 2009," which Plaintiff argues misrepresented the amount of her debt, thereby violating the FDCPA.  *Id.*  Plaintiff alleges that an August 3, 2009 itemized statement did not include the payments.  *Id.*  Plaintiff further alleges that Defendants converted the payments "to their own use instead of applying the amount to [Plaintiff's] Idaho Power account," thereby violating Idaho Code section 26-2229A(7).  *Id.*  Plaintiff asserts that Defendants' failure to apply the payments to her account has resulted in an "inability to rent a residence which would have power supplied by . . . Idaho Power."  *Id.*

Plaintiff requests damages totaling $4,775.00 and twelve-percent interest on the $225 in unaccounted-for payments.  Plaintiff claims $1000 in FDCPA statutory damages, $1,200 for family strain, $1,000 for mental anguish, $700 for humiliation, and $650 for embarrassment.  *Id.*

Plaintiff's FDCPA claim relies on 15 U.S.C. § 1692e, which provides a non-exclusive list of prohibited debt collection techniques.  15 U.S.C. § 1692e.

Specifically, a debt collector may not falsely represent "the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). The FDCPA provides for additional damages of not more than $1,000. *Id.* § 1692k(a)(2)(A). TFDCPA explicitly provides that jurisdiction is proper "in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction." *Id.* § 1692k(d).

Plaintiff's state-law claim is based on Idaho Code section 26-2229A(7), which reads: "No person licensed, or required to be licensed under this act, shall misappropriate, transfer, or convert to his own use or benefit, funds belonging to or held for another person in connection with business activities authorized under this act." Idaho Code Ann. § 26-2229A(7) (2009).

On December 8, 2009, Defendants removed the case to the U.S. District Court of Idaho in Boise. *See Notice of Removal* (Docket No. 1). In the Notice of Removal, Defendants assert that the district court has original jurisdiction because one of Plaintiff's claims arises under a federal law, the FDCPA. *See id.*, at 2 (referring to both "15 U.S.C. § 1692k" and "15 U.S.C. § 1692 et seq").[1] On

---

[1] Defendants also submitted a Civil Cover Sheet. On the Civil Cover Sheet, Defendants marked "federal question" as the basis for jurisdiction, but also filled out the citizenship section intended only for diversity cases. *See Civil Cover Sheet* (Docket No. 2). The court does not understand this error to convey Defendants' intention to assert a second basis—diversity of citizenship—for federal

January 19, 2010, Plaintiff filed for an extension of time to file a motion to remand to state court, requesting the extension because of pregnancy complications and problems with Internet access resulting from a power failure. *See Plaintiff's Motion for an Extension of Time*, at 1–2 (Docket No. 11).

On January 19, 2010, Plaintiff also filed a Motion to Remand to state court. *See Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand* ("*Motion to Remand*") (Docket No. 12). In Plaintiff's Motion to Remand, Plaintiff raises multiple arguments, namely that (1) the state-court complaint does not allege a federal question because the FDCPA is not the basis for a separate claim but is only incorporated into Idaho law, and because Idaho has concurrent and exclusive jurisdiction; (2) defendants cannot confer federal jurisdiction by raising a defense based on federal law; (3) removal will prejudice Plaintiff because she lives in Hailey, Idaho; (4) Defendants' removal violates Idaho Code § 26-2229A's open, honest, and fair-dealing mandate; (5) Congress intended state-court resolution of these issues, pursuant to 15 U.S.C. § 802; (6) application of the FDCPA is exempt in Idaho under 15 U.S.C. § 1692o; and (7) Defendants' Notice of Removal was defective. *See Motion to Remand*, at 2–12 (Docket No. 12-

---

jurisdiction. Accordingly, this court need not decide whether diversity of citizenship confers jurisdiction in this case.

1).

Defendants filed responses to both of Plaintiff's Motions, (Docket Nos. 13, 14). Defendants also filed a Motion to Compel Plaintiff to appear at a Federal Rule of Civil Procedure 26(f) ("Rule 26(f)") Conference. *See Defendants Motion to Compel* (Docket No. 15). The basis for Defendants' Motion to Compel is Plaintiff's alleged failure to appear at a scheduled Rule 26(f) Conference or to respond to related correspondence. *See Motion to Compel*, at 1 (Docket No. 15). Defendants' submitted a supporting affidavit, *Declaration of Jeffrey I. Hasson* (Docket No. 16), and the letter Defendants' sent to Plaintiff arranging the Rule 26(f) Conference, *Exhibit A* (Docket No. 16-1). Plaintiff did not respond to Defendants' Motion to Compel.

**DISCUSSION**

I.    <u>Plaintiff's Motion for an Extension of Time</u>

A party may oppose removal by filing a motion to remand to state court. 28 U.S.C. § 1447(c). A motion to remand must be filed within thirty days after the notice of removal is filed if the basis for remand is "any defect other than lack of subject matter jurisdiction." *Id; see also Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1239 (9th Cir. 1995). Accordingly, a party may file a motion to remand for lack of subject matter jurisdiction at any time. *See* 28 U.S.C.

§ 1447(c).

Here, Plaintiff's Motion for an Extension of Time was filed on January 19, 2010, which is more than thirty days after Defendants filed the Notice of Removal on December 8, 2009. Given the thirty-day statutory limit, and because the court cannot find any other basis to grant an extension of time in these circumstances, Plaintiff's Motion for an Extension of Time is denied to the extent that Plaintiff's Motion to Remand raises defects other than lack of subject matter jurisdiction. The court will, of course, consider Plaintiff's challenges to the subject matter jurisdiction of this court.

II.     Plaintiff's Motion to Remand

A defendant may remove a civil state-court action to "the district and division" where the action is pending if the district court would have original jurisdiction over the claim. 28 U.S.C. § 1441(a); *see id.* § 1446(a) (describing the removal procedure). Federal question jurisdiction is proper if the claim "aris[es] under the Constitution, laws, or treaties of the United States." *Id.* § 1331. To determine federal question jurisdiction, the well-pleaded complaint rule applies, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007) (internal quotation

marks and citation omitted). A case may not be removed to federal court "on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

A plaintiff challenging removal may file a motion to remand pursuant to 28 U.S.C. § 1447(c). A district court that has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, may also exercise jurisdiction over state-law claims that would otherwise be non-removable. 28 U.S.C. § 1441(c). Moreover, a district court may not "remand a case in its entirety where there is subject matter jurisdiction over some portion of it." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (discussing the Supreme Court's holding in *Wisconsin Department of Corrections v. Schact*, 524 U.S. 381, 391–92 (1998)).

A. <u>The State-Court Complaint Alleges a Federal Question</u>

Plaintiff argues that the state-court complaint does not allege a federal question because the FDCPA is not the basis for a separate claim but is only incorporated into Idaho law. *See Motion to Remand*, at 1–4. This argument is based on a misreading of Idaho law and is belied by Plaintiff's request for statutory damages under the FDCPA. In pertinent part, Idaho law is as follows: "An application for a [debt-collection] license may be denied . . . by the director [if the licensee has] violated any provision of this act [or] the federal fair debt collection

7

practices act, 15 U.S.C. 1692, et seq." Idaho Code § 26-2227(1)–(1)(a). This provision of the Idaho Code gives a state agency's director the authority to deny a debt-collection agency a license based on violations of the FDCPA. This provision does not demonstrate that Idaho law incorporated the FDCPA as an element of a state-law cause of action.

Moreover, the state-court complaint alleges a valid federal question that provides this court with original jurisdiction under 28 U.S.C. § 1331. Plaintiff's complaint clearly describes two causes of action, one under the FDCPA and one based on Idaho state law. *See Notice of Removal*, at 1 (Docket No. 1-2). The federal claim in the complaint is based on 15 U.S.C. § 1692e(2)(A), a valid federal law. The FDCPA explicitly allows jurisdiction "in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C § 1692k(d). It is true that the state court is also a court of competent jurisdiction. *See Motion to Remand*, at 4–6, 9. Plaintiff incorrectly argues, however, that the state court's prior and presumably valid jurisdiction in this case precludes this court's subject matter jurisdiction. The state court's concurrent jurisdiction over Plaintiff's FDCPA claim does not deprive this court of subject matter jurisdiction, nor does the state court obtain exclusive jurisdiction because it was the first forum in which this case was filed. *See* U.S.

Const. art. III, § 2; 28 U.S.C. §§ 1331, 1441(a).

Finally, contrary to Plaintiff's cursory assertion that this court does not have jurisdiction to decide the supplemental state-law claim, *see Motion to Remand*, at 3, this court may hear and decide Plaintiff's related state-law claim. *See* 28 U.S.C. § 1441(c).

B. Defendants Did Not Improperly Raise Federal Question Jurisdiction

Plaintiff correctly argues that a defendant cannot assert federal question jurisdiction by raising a defense based on federal law. *See Franchise Tax Bd.*, 463 U.S. at 14. Here, however, the court is not deprived of subject matter jurisdiction on this ground because Defendants do not argue that this court has subject matter jurisdiction based on a federal defense. This court has subject matter jurisdiction based on Plaintiff's asserted federal claim.

C. Whether Removal to this Division Is Proper

Plaintiff argues that removal will prejudice Plaintiff because she lives in Hailey, Idaho and must travel 165 miles to the district court in Boise. *Motion to Remand*, at 2. The court construes this as a challenge to the division to which Defendants removed under 28 U.S.C. § 1441(a).[2] Whether Defendants removed to

---

[2] The court will not construe Plaintiff's allegation of prejudice as a motion to transfer under 28 U.S.C. § 1404(a). The transfer analysis would take into account the prejudice Plaintiff might suffer by litigating in this district, but the remedy is

9

the proper division is not a challenge to this court's subject matter jurisdiction. The court, therefore, cannot entertain this challenge to Defendants' removal because the court has already denied Plaintiff's Motion for an Extension of Time regarding issues that do not pertain to the subject matter jurisdiction of this court.[3] *See supra*, Part I.

### D. Whether Idaho Code § 26-2229A Requires Remand

Plaintiff next argues that Defendants' removal violates Idaho Code § 26-2229A's open, honest, and fair-dealing mandate. *See Motion to Remand*, at 9. This argument does not challenge the court's subject matter jurisdiction and is therefore barred because of Plaintiff's untimely filed Motion to Remand. *See supra*, Part I.

Plaintiff similarly argues that Defendants' removal is in bad-faith and alleges that Defendants are attempting to circumvent Idaho state-law requirements that prohibit an attorney's appearance in small-claims court. *See Motion to*

---

transfer to a different *federal* court, a remedy that Plaintiff does not desire.

[3] Regardless, this case was properly removed to the Southern Division of the District of Idaho. *See* U.S. District & Bankruptcy Courts - District of Idaho: County Assignment, February 18, 2010, http://www.id.uscourts.gov/divmap.htm. The state court in which Plaintiff filed is in Hailey, Idaho, which is part of Blaine County, Idaho. *Id.* Blaine County is part of the Southern Division of the District Court of Idaho. *Id.*

*Remand*, at 3. Likewise, this argument does not challenge the court's subject matter jurisdiction and is therefore barred because of Plaintiff's untimely filed Motion to Remand. *See supra*, Part I.

  E. <u>Whether Congress Intended Exclusive State-Court Resolution</u>

Plaintiff next argues that Congress intended state-court resolution of FDCPA-related issues, pursuant to 15 U.S.C. § 1692(e), thereby depriving this court of subject-matter jurisdiction. *See Motion to Remand*, at 10–11. Section 1692(e) articulates Congress's purposes in enacting the FDCPA, one of which is "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Congress's purpose to promote consistent national action against debt collection abuses does not deprive this court of subject matter jurisdiction. Section 1692(e) does not establish in any way that Congress intended to grant state courts exclusive jurisdiction over FDCPA-based claims. Rather, this section demonstrates a Congressional desire for uniform national law related to debt-collection practices.

  F. <u>The FDCPA Is Applicable to Idaho</u>

Plaintiff next argues that application of the FDCPA is exempt in Idaho under 15 U.S.C. § 1692o. *See Motion to Remand*, at 11. Section 1692o allows the

11

Federal Trade Commission ("FTC")

> [B]y regulation [to] exempt from the requirements . . . any class of debt collection practices within any State if the [FTC] determines that under the law of that State that class of debt collection practices is subject to requirements substantially similar to those imposed by [the FDCPA], and that there is adequate provision for enforcement.

15 U.S.C. § 1692o.

This court cannot find, nor does Plaintiff point to, any regulation promulgated by the FTC that exempts application of the relevant FDCPA provision to Idaho. Accordingly, the court finds that the FDCPA provision at issue in this case is applicable to Idaho and does not address whether an Idaho exemption under § 1692o would deprive this court of subject matter jurisdiction.

G. Defective Removal

Finally, Plaintiff argues that Defendants' Notice of Removal is defective because Defendants did not cite 28 U.S.C. § 1331 or § 1441. *Motion to Remand*, at 6. Regardless of whether this renders Defendants' Notice of Removal defective, defective notice of removal does not deprive this court of subject matter jurisdiction. The court, therefore, need not decide this issue because of Plaintiff's untimely filed Motion to Remand. *See supra*, Part I.

This court has considered and rejects all other arguments Plaintiff makes regarding this court's subject matter jurisdiction.

III. <u>Defendant's Motion to Compel</u>

Federal Rule of Civil Procedure 26(f) requires parties to "confer as soon as practicable—and in any event at least 21 days" prior to a scheduling conference held pursuant to Federal Rule of Civil Procedure 16(b). Fed. R. Civ. P. 26(f). According to Defendants' motion and supporting evidence, which Plaintiff does not challenge, Plaintiff did not attend the Rule 26(f) meeting that Defendants scheduled or respond to Defendants' attempts to correspond with Plaintiff. For these reasons, the court grants Defendants' Motion to Compel Plaintiff's attendance at a Rule 26(f) Conference, at a time and place both parties deem suitable.[4]

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for an Extension of Time to File Motion to Remand (Docket No. 11) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (Docket No. 12) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Compel (Docket

---

[4] Given the distance between defense counsel's offices and the Plaintiff's residence, the Court would permit, and even encourage, the parties to consider conferring by telephone. Generally it is preferable that the parties meet in person. However, under these unique circumstances a conference conducted by telephone would seem preferable.

No. 15) is GRANTED.

IT IS FURTHER ORDERED that Pursuant to 28 U.S.C. § 1446(d), state-court proceedings in this case "shall proceed no further unless and until the case is remanded."

DATED: **February 20, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge